UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| INDIANA FARM BUREAU INSURANCE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:19-cv-00050-RLY-DML |
| | ) |
| ELECTROLUX HOME PRODUCTS, INC, | ) |
| | ) |
| Defendant. | ) |

# Order on Motion to Reconsider (Dkt. 28)

Plaintiff Farm Bureau Insurance asks the court to reconsider its order (Dkt. 26) granting defendant Electrolux Home Products an extension of the deadline prescribed in section IV.B. of the case management plan to file its "statement of claims and defenses." The court grants the motion to reconsider only to clarify the purpose and effect of section IV.B., which both parties misapprehend.

The court entered a case management plan in this case on April 25, 2019. Among other things, the CMP set a deadline of July 12, 2019, for motions for leave to amend the pleadings and a deadline of November 19, 2019, for the parties to file their statements of claims and defenses (for short here, "Statement"). Citing the need for expert reports to inform and refine its Statement, Electrolux asked the court to extend the Statement deadline until after expert disclosures (due in

February and March 2020) to April 15, 2020.  The court granted that motion before the time afforded for a response expired.[1]

In its motion to reconsider, Farm Bureau asserts that it will be prejudiced by this extension because it will allow Electrolux until April 15, 2020, to assert nonparty defenses—two days after the statute of limitations will run—thus preventing Farm Bureau from naming such a nonparty.  Electrolux apparently agrees with Farm Bureau's assessment of the effect of this deadline and suggests that if Farm Bureau believes it ought to name another defendant, it can go ahead and do so without waiting for Electrolux's Statement.  (*See* Dkt. 30, ¶ 10.)

Both parties' arguments spring from the erroneous premise that section IV.B. of the CMP supplants the deadline for motions to amend the pleadings *and* the requirements of Ind. Code § 34-51-2-16,[2] which prescribes the time by which a defendant must plead a nonparty defense.

Section IV.B. of the court's uniform case management plan was added a few years ago to require the parties—after the completion of liability discovery and before the filing of any summary judgment motions—to state with specificity what

---

[1] Nothing on the face of the motion for extension or—as the discussion in this order will demonstrate—in its substance alerted the court that the motion was anything other than routine.  Counsel are advised to heed S.D. Ind. L.R. 7-1(d), which provides that the court may rule on routine motions before the response deadline passes unless the motion indicates that the opposing party objects to it or the court believes that a response will be filed.  It's therefore incumbent on a party who intends to file an opposition to what reasonably appears to be a routine motion to let the court know it intends to do so.

[2] The plaintiff is an Indiana corporation, and the subject loss occurred in Indiana.  The parties have not suggested that another state's law applies.

claims and defenses they continue to assert, thus requiring counsel to focus on and refine claims and defenses for purposes of determining the propriety and breadth of summary judgment practice. Certainly nothing in that provision makes that Statement a "pleading," which is what's required under Ind. Code § 34-51-2-16 to identify a nonparty for purposes of the Comparative Fault Act. And nothing in section IV.B. of the CMP suggests that the deadline for leave to amend the pleadings is anything other than that clearly specified by section III.D. of the CMP.[3]

Ind. Code § 34-51-2-16 provides, in the part relevant here, that a nonparty defense not known to the defendant at the time of its original answer must be pled "with reasonable promptness." It further provides, however, that if the defendant was served with a complaint and summons more than 150 days before the expiration of the statute of limitations applicable to a nonparty, the defendant must plead any nonparty defense no later than 45 days before the expiration of that limitations period.

The court is puzzled that the parties seem to believe that the court has overridden these statutory timing provisions with the CMP's Statement requirement. First, as noted above, the Statement is not a pleading. Pleadings are limited to the documents referenced in Fed.R.Civ.P. 7(a). Moreover, though the

---

[3] The court notes that on December 2, 2019, Electrolux filed a motion for leave to amend its answer (Dkt. 29). This was long after the July 12, 2019 deadline. That does not mean the motion for leave must be denied. Rather, it means that Electrolux will not be entitled to a presumption that it did not unduly delay; it will need to establish good cause for seeking leave after the deadline. *See, e.g., CMFG Life Ins. Co. v. RBS Securities*, 799 F.3d 729, 750 (7th Cir. 2015).

statute permits a court to alter these time limitations, a court must do so only in a manner consistent with giving the defendant a reasonable opportunity to discover a nonparty defense *and* giving the claimant a reasonable opportunity to add the nonparty as an additional defendant before the applicable limitations period expires. Even if the court were willing to alter the statutory timeframe—and to be clear, *it hasn't*—it would have to adopt a deadline that would give Farm Bureau a reasonable time to add any nonparty identified by Electrolux.

According to the docket, Electrolux was served around February 13, 2019— well in excess of 150 days preceding expiration of the statute of limitations. That means (a) it must act with reasonable promptness to plead a nonparty, but (b) in no event can it do so later than 45 days before expiration of the applicable limitations period. The court also wants to be clear that the mere act of complying with a CMP deadline for serving expert disclosures or for seeking leave to amend an answer does not establish the "reasonable promptness" requirement of the statute. As this court and other Indiana courts have explained, a defendant's diligence is measured from the time it is served with the complaint. "From that point forward, a defendant is expected to investigate and take steps, through discovery or otherwise, to determine the existence of a nonparty defense." *Kline v. Gemini Transport, LLC*, 2017 WL 784691 at *3 (S.D. Ind. March 1, 2017) (citing cases).

The need to consult with experts in order to discover and identify nonparties may, of course, have an impact on what will be deemed "reasonable promptness." But, again, that does not mean that the court's deadline for serving an expert report

4

is the presumptive "reasonable promptness." For one thing, by the time Electrolux serves its expert report, it will have likely been aware for some time that its expert will point to another cause. Beyond that, the statute required Electrolux, upon service of the complaint, to get about the task of determining any nonparties it believes caused the loss at issue. It cannot hide behind an expert disclosure deadline and certainly cannot rely on the Statement requirement in the CMP.[4]

The motion to reconsider is GRANTED as set forth in this order. The deadline for the parties to file their Statements remains April 15, 2020. That deadline, however, in no way affects any timeliness requirements established by Ind. Code § 34-51-2-16.

So ORDERED.

Date: 12/31/2019

Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record by email through the Court's ECF system

---

[4] And to repeat, a defendant must identify the nonparty in a *pleading*.

5